IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JUDY DARLENE SHANKS | ) | |
| | ) | |
| v. | ) | No. 3:14-2342 |
| | ) | |
| NANCY A. BERRYHILL | ) | |
|     Acting Commissioner of | ) | |
|     Social Security[1] | ) | |

To:     The Honorable Waverly D. Crenshaw, Chief District Judge

## **R E P O R T   A N D   R E C O M M E N D A T I O N**

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under Titles II and XVI of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 14), to which Defendant has responded. Docket Entry No. 20.

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion for judgment on the administrative record (Docket Entry No. 14) be **DENIED**.

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

## I. INTRODUCTION

Plaintiff filed applications for DIB and SSI on April 14, 2011. *See* Transcript of the Administrative Record (Docket Entry No. 10) at 48-49.[2] She alleged a disability onset date of August 2, 2010. AR 48-49. Plaintiff alleged that she was unable to work because of back surgery, depression, and kidney problems. AR 55.

Plaintiff's applications were denied initially and upon reconsideration. AR 48-51. Pursuant to her request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ Scott Shimer on April 11, 2013. AR 26. On May 10, 2013, the ALJ denied the claim. AR 12-14. On May 1, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on May 10, 2013. AR 12-14. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since August 2, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

2

3. The claimant has the following severe impairments: degenerative disc disease with transforaminal lumbar interbody fusion, recurrent urinary tract/bladder disorder, major depressive disorder (recurrent/mild), and anxiety disorder (20 CFR 404.1520(c) and 416.920(c)).

\*\*\*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\*\*\*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can no more than occasionally bend, stoop, kneel, crouch, or crawl; no more than occasionally climb ramps/stairs, but never climb ladders/ropes/scaffolds; must be permitted to alternate between sitting and standing every 30-60 minutes; can be exposed to no temperature extremes; frequently reach overhead; perform simple, routine, repetitive tasks that are detailed, but not complex; and adapt to infrequent workplace changes.

\*\*\*

6. The claimant is capable of performing past relevant work as a cashier checker. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

\*\*\*

7. The claimant has not been under a disability, as defined in the Social Security Act, from August 2, 2010, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

AR 17-23.

### III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

# IV. DISCUSSION AND CONCLUSIONS OF LAW

## A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions

of credibility. *See, e.g.*, *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g.*, *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

### B. Determining Disability at the Administrative Level

The claimant has the ultimate burden of establishing an entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v.*

*Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot

6

Case 3:14-cv-02342   Document 21   Filed 07/06/17   Page 6 of 17 PageID #: 577

satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra.*

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 402 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

## C. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step four of the five-step process. The ALJ found that Plaintiff met the first two steps, but determined at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was able to perform past relevant work as a cashier checker, and thus concluded that Plaintiff has not been under a disability since the alleged onset date of August 2, 2010. AR 17-23.

## D. Plaintiff's Assertions of Error

Plaintiff argues that the ALJ erred by (1) finding that she could perform past relevant work; (2) failing to properly consider each of her severe impairments; (3) failing to include a function-by-function assessment in the RFC; and (4) failing to properly evaluate the treating physician's opinion. DE 15 at 1-2. Plaintiff therefore requests that this case be reversed and benefits awarded, or, alternatively, remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. *Id.* at 13.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential

8

factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). The Court will address each of Plaintiff's assertions of error below.

**1. Past relevant work.**

Plaintiff alleges that the ALJ improperly concluded that she can perform her previous job as a cashier checker. DE 15 at 6. Specifically, Plaintiff claims that the restrictions contained in the RFC that limit her to performance of "simple, routine, and repetitive tasks" prevent her from being able to fulfill the requirements for a semi-skilled position such as cashier checker. *Id*.

Defendant concedes that the ALJ's description of Plaintiff's RFC is not a model of clarity. Indeed, the RFC appears to provide that Plaintiff can perform both simple *and* detailed tasks. AR 19. The hypothetical that formed the basis of this restriction was posed to the vocational expert ("VE") during the hearing in the following manner:

> [A]ssume for this hypothetical that this individual would be restricted to light exertional level work with only occasionally balancing, stooping, kneeling, crouching, crawling; occasionally climbing ramps and stairs; no climbing ladders, ropes or scaffolding; would need a sit/stand option every 30 to 60 minutes; no concentrated exposure to temperature extremes; frequent reaching overhead; and would need a job that involves *simple, routine, repetitive tasks and maybe some lower level detail but not complex tasks* with infrequent workplace changes.

AR 42-43 (emphasis added). In response, the VE testified that Plaintiff would be able to perform the work of a cashier checker. AR 43. Defendant argues that, when read in conjunction with this testimony, the RFC provides that Plaintiff can perform both simple jobs and "lower level detailed jobs." DE 20 at 5-6.

A VE's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the subject claimant's physical and mental impairments. *Smith v. Halter*, 307 F.3d 377,

9

378 (6th Cir. 2001) (citing *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987)). Here, the ALJ presented a definitive, though imperfectly-worded, hypothetical regarding the severity of Plaintiff's functional limitations. There is no indication that the VE misunderstood the parameters of the hypothetical, as he correctly identified cashier checker as a light exertional level position with a specific vocational preparation ("SVP") of 3, which denotes the lowest level of "semi-skilled work." *See* Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at *3 (December 4, 2000). The hypothetical included the ability to perform "lower level detail but not complex tasks," which fits squarely within the definition of "semi-skilled work." *See* 20 C.F.R. § 404.1568(b) ("Semi-skilled work is work which needs some skills but does not require doing the more complex work duties."). The VE testified that, in addition to the limitation regarding semi-skilled work, a requirement that Plaintiff be allowed to sit/stand every 30 to 60 minutes would not preclude performance of the cashier checker job. AR 43. Relevant case law indicates that this testimony, together with a hypothetical that includes all of Plaintiff's limitations, overcomes any ambiguity reflected by the subsequently written RFC. *See Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 679 (6th Cir. 2013) ("Where, as here, the description of the [RFC] given by the [ALJ] to the [VE] included all the relevant limitations, we rely on that description and not the characterization in the written description.") (internal citation omitted); *see also English v. Astrue*, No. 1:07-101, 2008 WL 782443, at *5 (W.D. Ky. Mar. 21, 2008) (holding that any discrepancy between a VE's testimony and the RFC is "at worst, harmless error because it is the testimony itself that governs judicial review").

   Counsel for Plaintiff did not object to the hypothetical during the hearing despite having the opportunity to question the VE. *See* AR 45. There was apparently no confusion as to what the posed hypothetical encompassed at the time of the VE's testimony, and therefore no need to now

10

Case 3:14-cv-02342   Document 21   Filed 07/06/17   Page 10 of 17 PageID #: 581

"remand ... for proper clarification," as requested by Plaintiff. DE 15 at 6. Substantial evidence may be produced through reliance on a VE's testimony in response to a hypothetical "if the question accurately portrays [the claimant's] individual physical and mental impairments." *Varley*, 820 at 779 (internal citation omitted). The undersigned finds, and Plaintiff does not dispute, that the posed hypothetical accurately represented Plaintiff's impairments. Accordingly, to the extent that the ALJ erred in the written RFC, the Court concludes that any such error was harmless.[3]

**2. Plaintiff's alleged severe impairments.**

Plaintiff next argues that the ALJ erred by failing to explain why his additional conditions, including sciatica, degenerative disc disease,[4] "disc protrusions," "elevated left ventricular diastolic pressure," and hypertension, do not represent severe impairments. DE 15 at 7. Plaintiff's argument is unavailing for multiple reasons, including because the ALJ explicitly identified one of these conditions, degenerative disc disease, as a severe impairment in the opinion. AR 17. It is therefore unclear what additional designation Plaintiff currently seeks for this condition.

---

[3] This finding, which affirms the ALJ's determination that Plaintiff can perform past relevant work, negates Plaintiff's alternative argument that the ALJ erred by "fail[ing] to list other jobs that the Plaintiff would be able to perform in the local or national economy" (DE 15 at 6), which ostensibly refers to the ALJ's burden at step five of the evaluation process to produce evidence of jobs that a claimant can perform despite her RFC. However, if a determination as to a claimant's disability status is made prior to step five of the process, the Commissioner does not go on to any subsequent step. *See* 20 C.F.R. § 1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step.").

[4] Plaintiff actually lists "DDD" (DE 15 at 7), but fails to identify the condition denoted by this abbreviation. For purposes of the instant analysis, the Court assumes that Plaintiff intended to identify "degenerative disc disease".

11

Moreover, Plaintiff does nothing more than claim that all of these additional conditions "were diagnosed and well-documented in the record." DE 15 at 7. This general statement does not, however, identify any functional limitations caused by such conditions, as is required to establish the existence of a disabling condition. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it.") (internal citation omitted); *see also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that diagnosis of an impairment "says nothing about the severity of the condition"). Plaintiff points to no evidence demonstrating that these conditions cause functional limitations, and her brief reference to a case from the Eastern District of Tennessee involving migraine headaches does nothing to fill this vacuum.

Additionally, even if there were evidence indicating that these conditions were disabling, the ALJ's failure to identify them as severe impairments would not require reversal in light of the ALJ's determination that Plaintiff suffered from other severe impairments. AR 17. Once an ALJ finds that at least one of the claimant's alleged impairments is severe, the claim survives the step two screening process, 20 C.F.R. § 404.1520(a)(4); *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008), and impairments that are both severe and non-severe in nature must be considered by the ALJ in the remaining steps of the process. 20 C.F.R. §§ 404.1523, 404.1545(a)(2). Therefore, an ALJ does not commit reversible error when he fails to find that some impairments are severe but finds that other impairments are severe and proceeds with the next step of the evaluation process. *See Maziarz v. Sec'y Health & Human Serv.*, 837 F.2d 240, 244 (6th Cir. 1987); *English*, 2008 WL 782443, at *5. Accordingly, the ALJ did not commit reversible error by failing to conclude that Plaintiff's additional alleged conditions represented severe impairments.

12

### 3. SSR 96-8p.

Plaintiff additionally contends that the ALJ erred by failing to include a function-by-function analysis in the assigned RFC, in violation of SSR 96-8p. DE 15 at 9-10. Plaintiff claims that the ALJ "failed to include substantial limitations in the RFC finding correlating to symptoms and limitations which are well-documented in the record." *Id*. at 9. Plaintiff fails to cite any evidence suggesting that any functional limitations were improperly omitted from the RFC. The Court thus finds that this argument is waived. *See Moore v. Comm'r of Soc. Sec.*, 573 F. App'x 540, 543 (6th Cir. 2014) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (citing *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010)).

Furthermore, although SSR 96-8p mandates that a "function-by-function evaluation" be performed to determine a claimant's RFC, the ALJ is not required to "produce such a detailed statement in writing." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) (internal citations omitted). The Sixth Circuit has explained this rule by noting that there is a difference "between what an ALJ must consider and what an ALJ must discuss in a written opinion." *Id*. at 547-48. The ALJ must instead "articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Mathis-Caldwell v. Comm'r of Soc. Sec.*, No. 1:15-532, 2016 WL 2731021, at *5 (W.D. Mich. May 11, 2016) (internal citation omitted). Because Plaintiff provides no evidence that the ALJ failed to fulfill this duty, this assertion of error is rejected.

### 4. Treating physician.

Plaintiff finally asserts that the ALJ erred by failing to give controlling weight to the opinion of her treating physician, Dr. Wendy Cran-Carty, who completed a medical source statement ("MSS") in September of 2012. AR 458-59. Plaintiff argues that the ALJ erred by not giving this opinion controlling weight, claiming that Dr. Cran-Carty provided "good reasons" for the limitations contained in the MSS. DE 15 at 12.

Dr. Cran-Carty's MSS restricts Plaintiff to occasional lifting of no more than 20 pounds, frequent lifting of no more than 10 pounds, a maximum ability to stand and walk for three hours during an eight-hour workday, and a maximum ability to sit for four hours during a workday. AR 458. She also opined that Plaintiff would be limited to 30 minutes of sitting before needing to change position, 15 minutes of standing before changing position, and found that Plaintiff would need to "walk around" every 30 minutes. AR 458. Dr. Cran-Carty additionally opined that Plaintiff would be forced to miss four days of work per month due to her condition. AR 459.

The ALJ accorded "some weight" to the MSS by crediting Dr. Cran-Carty's restrictions regarding Plaintiff's lifting and carrying abilities, postural activities, and her need to alternate between sitting and standing. AR 22. The ALJ found, however, that Dr. Cran-Carty's more severe limitations pertaining to Plaintiff's inability to stand and walk for more than three hours or sit for more than four hours were not supported by the record. AR 22. The ALJ stated that the severity of such limitations was not supported by any other physician's treatment, including Dr. Cran-Carty's own notes, and observed that Plaintiff's treating neurosurgeon, Dr. Jason Schwarz, released Plaintiff back to work without any physical restrictions several months after undergoing surgery on her lumbar spine. AR 22, 203.

Plaintiff cites no medical evidence that contradicts these findings, but instead quotes substantial portions of SSR 96-2p, which simply expands on the factors the ALJ must consider in weighing a treating source's opinion in accordance with 20 C.F.R. §§ 404.1527 and 416.927. *See* SSR 96-2p, 1996 WL 374188 (July 2, 1996).[5] Plaintiff fails to reference any treatment notes, imaging studies, or other findings to support the severity of the restrictions contained in the MSS, nor does she meaningfully discuss the alleged deficiencies in the ALJ's explanation of the weight given to Dr. Cran-Carty's opinion. *See* DE 15 at 11-12. Instead, the entirety of Plaintiff's argument is contained in two broad and uncited statements: "[D]r. Cran-Carty gave good reasons for her answers. There is substantial evidence which supports [her] opinions and the ALJ erred by not giving controlling weight to her opinion." *Id.* at 12. However, this general recitation of the standards by which an ALJ must consider a treating physician's opinion does nothing to refute the ALJ's findings with respect to Dr. Cran-Carty's opinion, nor does it adhere to the Court's prior mandate that Plaintiff present a developed argument for any alleged error committed by the ALJ. *See* DE 11 at 1-2 ("A general allegation that the ALJ's findings are unsupported by substantial evidence is insufficient ... Each specific error alleged should be supported by reference to the portion of the record relied upon and by citations of statutes, regulations, and cases supporting the plaintiff's position."). The Sixth Circuit has held that such cursory arguments are deemed waived. *See Kuhn v. Washtenaw Cty.*, 709 F.3d 612, 624 (6th Cir. 2013) ("[A]rguments adverted to in only a perfunctory manner[] are waived.") (internal citation omitted).

---

[5] SSR 96-2 has been rescinded, effective March 27, 2017. However, the Court applies SSR 96-2p to the instant analysis since Plaintiff's complaint was filed in December of 2014. *See* DE 1.

15

Case 3:14-cv-02342 Document 21 Filed 07/06/17 Page 15 of 17 PageID #: 586

Regardless, the Court finds that substantial evidence supports the ALJ's decision to grant partial weight to Dr. Cran-Carty's opinion. Dr. Cran-Carty's own office notes, which show that Plaintiff's visits were primarily with a physician's assistant and not Dr. Cran-Carty, indicate that Plaintiff had no problems ambulating and that her prescription medication was working to alleviate her symptoms "without adverse effects." DE 469, 473, 476. Following one of her few live encounters with Plaintiff, Dr. Cran-Carty noted merely that Plaintiff was "post spinal fusion" and prescribed pain medication. AR 423. This is significant since Dr. Cran-Carty did not identify any medical findings that supported her proposed restrictions pertaining to Plaintiff's ability to walk and stand, despite being prompted to do so. AR 458.

The Court also notes that just two months prior to this visit with Dr. Cran-Carty, Plaintiff's treating neurosurgeon noted that her back pain was "much better," and opined that any lingering post-surgery pain likely represented a muscle strain. AR 411. Furthermore, Plaintiff denied experiencing any motor weakness, paresthesia, or difficulty with ambulation throughout her concurrent treatment with Dr. Howard Aubert. AR 437, 439, 441, 443, 445. The Court therefore finds no error in the ALJ's determination that the evidence of record does not support the severity of the limitations recommended by Dr. Cran-Carty, and concludes that substantial evidence supports the ALJ's ultimate denial of benefits.

## V. RECOMMENDATION

For the above stated reasons, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion for judgment on the administrative record (DE 14) be DENIED and the Commissioner's decision be AFFIRMED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

17

Case 3:14-cv-02342   Document 21   Filed 07/06/17   Page 17 of 17 PageID #: 588